**COOS COUNTY SHEEP COMPANY, a corporation, Howard Leatherman and Angela L. Leatherman, husband and wife, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 19018.**

United States Court of Appeals Ninth Circuit.

April 30, 1964.

Hutchinson, Schwab & Burdick, Denton G. Burdick, Jr., Portland, Or., for appellant.

Sidney I. Lezak, Acting U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., Michael Morehouse, Asst. U. S. Atty., Washington, D. C., for appellee.

Before HAMLEY, Circuit Judge, MADDEN, Judge of the United States

Court of Claims, and JERTBERG, Circuit Judge.

JERTBERG, Circuit Judge.

Appellants have appealed from the judgment of the District Court entered in a condemnation proceedings denying to them any compensation for the destruction of trees which were growing and standing adjacent to a power line owned and maintained by the United States of America pursuant to a written right-of-way easement owned by it.

No issue of fact is involved in this appeal since all of the facts were stipulated to and are contained in the pre-trial conference order signed by the District Court.

At the time of the institution of the condemnation proceedings, the appellants were the owners in fee simple of the real property described in the complaint and in the declaration of taking, subject to the rights of the United States as assignee of certain easements or rights-of-way hereinafter described.

The record discloses that in 1929 the appellants' predecessors in interest of the real property granted a right-of-way to the California-Oregon Power Company. The material portion of that grant reads as follows:

"WITNESSETH: That said parties of the first part, for and in consideration of the sum of One Dollar ($1.00) to them in hand paid by said party of the second part, the receipt whereof is hereby acknowledged, do hereby grant unto said party of the second part, its successors and assigns, the right of way and easement to erect, construct, repair, replace, maintain and use, from time to time as said party of the second part, its successors and assigns, may see fit, over, along, across and upon the lands of said parties of the first part hereinafter particularly described, for transmission and distribution of electricity, and for all purposes connected therewith, poles, towers and wires suspended thereon and supported thereby and all necessary or proper cross-arms, braces, connections, fastenings and other appliances and fixtures, and wires for the telephone purposes of said party of the second part, its successors and assigns; also, to remove the trees and make the clearing necessary or desirable for the purposes aforesaid, both on and adjoining said right of way; also to put in place necessary guy wires and brace poles along said line; the party of the second part, its successors or assigns, may construct and maintain gates at all fences crossed by its transmission lines, but shall keep locks thereon and give permission to no one save employees of the party of the second part, its successors or assigns, to enter therein."

After the execution and delivery of the grant to the right-of-way the grantee Power Company entered into the lands described therein and constructed across the same the electric transmission line, described in the declaration of taking in the condemnation proceedings as the Bonneville Power Administration, McKinley-Coos Electric Transmission Line and related facilities. The United States is the successor in interest and assignee of the Power Company.

The right, interest or estate sought to be taken, and taken in the condemnation proceedings, so far as material to this appeal is described in the complaint and the declaration of taking, and is as follows:

"DANGER TREE EASEMENT

"The following rights to clear and to fell and remove danger trees are to be exercised in connection with and as they may be in addition to the easement rights of the United States of America for the Bonneville Power Administration McKinley-Coos electric transmission line and related facilities and rights over and across the NE ¼ of Section 23 * * as set forth in:

"(1) Right-of-way deed granting easement over the said NE ¼ of Section 23 by Clyde H.

Stowers and Doris Stowers, his wife, to the California Oregon Power Company, a California corporation, dated August 19, 1929, and recorded at page 506 of Book 108 of Deed Records of Coos County, Oregon.

"(2) * * *

"(3) Assignment by California Oregon Power Company, a California corporation, to the United States of America, of the foregoing easements, recorded at page 601 of Book 229, Deed Records of Coos County, Oregon.

* * * * * *

"*Tract DT–C–MK–15*

"The right to fell, limb and top, and to remove, sell, burn or destroy all trees from the following described portions of the S ½ NE ¼ of Section 23, Township 27 South of Range 12 West of the Willamette Meridian, in Coos County, Oregon, that could fall upon or against the said McKinley-Coos transmission line or its supporting structures:

* * * * * "

In the pre-trial conference order under the heading of "Admitted Facts" it is stated, in paragraphs 9) and 10) as follows:

"9) The parties have been unable to agree as to whether or not the defendants are entitled to an award of just compensation for the taking of danger trees on Tract DT–C–MK–15, as described in Exhibit A. This right to take danger trees is dependent upon the extent of the rights obtained under the easement from Clyde H. Stowers and his wife to the California-Oregon Power Company and assigned to the United States (Exhibit 1). It is agreed that after the execution and delivery of the right-of-way deed by Clyde H. Stowers, et ux (Exhibit 1) that the grantee thereunder, California-Oregon Power Company, entered onto the lands described therein and constructed across the same the electric transmission line which is described as the Bonneville Power Administration McKinley-Coos electric line and related facilities as is described in said Exhibit A. Electrical engineers in the Branch of Maintenance of the Bonneville Power Administration determined that all those live Douglas fir and hemlock trees adjacent to this transmission line which were so located and of such a height that they could fall upon or against one or more of the conductors or structures were a hazard and danger to this transmission line and should be removed. These trees have now been cut, felled, removed and sold from, or destroyed upon, the premises, by the United States acting through the Bonneville Power Administration. Such trees did not touch or overhang in a vertical plane any of the said conductors or supporting structures.

"10) If the United States had and has the right to fell, remove, sell, burn and destroy such danger trees under the right-of-way deed from Clyde H. Stowers and wife (Exhibit 1), the defendants are not entitled to compensation for the trees cut, felled, removed and sold from, or destroyed upon, said Tract DT–C–MK–15 by the United States. If such trees were not included within the rights obtained under the said Stowers right-of-way agreement, then the defendants are entitled to the sum of $3,277.71 as the just compensation for the standing trees, so cut, felled, removed and sold from, or destroyed upon, said Tract DT–C–MK–15 by the United States."

Under the heading "ISSUE OF LAW" in the pre-trial conference order, it is stated:

"Does the right-of-way deed from Clyde H. Stowers, et ux, a copy of which is Pre-Trial Exhibit 1, give the plaintiff the right to clear and fell the danger trees described in Paragraph 9 of the Admitted Facts."

Under the heading of "STIPULA-TIONS", it is provided in the pre-trial conference order as follows:

"(a) There will be introduced into evidence copies of the right-of-way deeds hereinbefore mentioned.

"(b) Subject to the approval of the court, this action shall be submitted to the court on the basis of the files and proceedings herein and this Pre-trial Order for the purpose of having the court determine the legal issue set forth above. In the event plaintiff's contentions are sustained a judgment awarding the defendants $1,388.38 as just compensation may be entered. In the event defendants' contentions are sustained a judgment awarding the defendants $4,666.09 as just compensation may be entered. Defendants shall also be entitled to interest from the date of taking as provided by law.

"It is hereby ORDERED, CONSIDERED and ADJUDGED that all pleadings herein shall be amended to conform to this Pre-trial Order and that this order shall supersede such pleadings and set forth all of the issues in this action; that this action shall be submitted to the court without the necessity of a trial for a determination of the legal issue hereinbefore set forth; that this Pretrial Order shall not be amended except by consent or to prevent manifest injustice."

Paragraph 8 of the "FINDINGS OF FACTS" and paragraph 4 of the "CONCLUSIONS OF LAW" are as follows:

"8. That the United States had and has the right to fell, remove, sell, burn and destroy danger trees upon said Tract DT–C–MK–15 as described in said Exhibit 'A' without compensation to the appearing defendants pursuant to the terms of the right-of-way deed from Clyde H. Stowers and wife to the California-Oregon Power Company described in said Exhibit 'A', and assigned to the United States of America."

"4. That the United States of America has under and by virtue of the assigned rights of the California-Oregon Power Company to the easement tract designated as C–MK–15 in said Exhibit 'A', the right to fell, limb and top, and to remove, sell, burn or destroy trees that would fall upon or against the Coos-McKinley transmission line or its supporting structures as designated in said Exhibit 'A' as Tract DT–C–MK–15 without compensation to the said appearing defendants."

It is to be noted that the easement in question, after recital of the consideration in the amount of $1.00, the grantor granted to the Power Company, its successors and assigns, the right-of-way and easement to erect, construct, repair, replace, maintain and use, over and across the lands of the grantor, for transmission and distribution of electricity, poles, towers, and wires suspended thereon and supported thereby, and all necessary or proper crossarms, braces, connections, etc., and wires for the telephone purposes of the Power Company, its successors and assigns, and also the right to remove the trees and make the clearing necessary or desirable for the purposes aforesaid, both on and adjoining said right-of-way. No width was stated for the easement for the right-of-way. The trees which the United States claimed a right to remove, and did remove, were all of the live Douglas fir and hemlock trees adjacent to the transmission line which were so located and of such height as to fall against one or more of the conductors or structures constituting the power line. Such trees did not overhang in a vertical plane any of such conductors or structures.

It is the government's contention that in removing the trees in question, it merely exercised its rights under the easement to remove trees that were hazardous to the power line and therefore necessary to remove for the safety of the line. The appellants contend the right to remove and the removal of the trees in question was over and beyond

the rights possessed by the government under the easement and that they are entitled to just compensation for the taking of the right to remove the trees.

There appears to be no dispute that the trees in question were dangerous or hazardous only in the sense that if they happened to fall in the right direction they were tall enough so that they could strike the power line or its supporting structures.

■ Counsel for the parties are in agreement that the real property law of the State of Oregon controls in determining the nature and extent of the rights of the United States acquired under the easement. Both parties rely upon the decision of the Supreme Court of the State of Oregon in the case of Ford v. White, 179 Or. 490, 172 P.2d 822 (1946). In that case the vendees sued for a rescission of an executory contract of sale of real and personal property and for recovery of $2,000.00 paid to the vendor upon the sale price. The contract required the vendor to furnish an abstract of title showing merchantable title to the property. The abstract of title disclosed that the former owners had granted an easement on the real property in favor of the California-Oregon Power Company, which is the same company which assigned the easement to the United States in the instant case. The instrument by which the easement was granted, except as to description of property, is in the same language as the easement in the instant case except that the easement in the instant case does not contain the word which is bracketed, and does contain the words which are italicized as follows: "also to remove the trees and make the clearings necessary *or* [and] desirable for the purposes aforesaid, *both on and adjoining said right-of-way;*".

In the course of its opinion the Supreme Court of Oregon stated, 172 P.2d at page 824:

"Appellants say that, under the easement, the Power Company has the unlimited right to remove trees from the property and to make such clearing as it may deem necessary and desirable. There are walnut trees upon the property, growing near the power line, and appellants say that the Power Company may trim such trees back to any distance determined by it to be necessary and desirable, or may remove them altogether. We think that, under a proper construction of the easement, the Power Company had the right to remove such trees and to make such clearing as might have been necessary for the erection of the line. The line was erected more than 20 years ago and has been maintained in its original location and condition ever since. * * * While the company has the undoubted right to trim overhanging branches of trees which interfere with its wires, if such trimming is reasonably necessary to insure the safe operation of the power line, it is idle to suggest that there are no limits to the exercise of such right. Cf. Moss v. Peoples California Hydro-Electric Corporation, 134 Or. 227, 293 P. 606."

■ Thus, the Supreme Court of Oregon has stated that the rights acquired under an easement, which appears to us to be without significant distinction from the easement in the instant case, are (a) the right to remove trees and to make such clearing as might have been necessary for the erection of the line; and (b) the right to trim overhanging branches of trees which interfere with its wires if such trimming is reasonably necessary to ensure safe operation of the power line.

In Moss, supra, 293 P. 606, cited by the court in the Ford case, the plaintiff gave oral permission to the defendant to trim branches of trees on her property so as to clear defendant's electric power wires for a space of four feet. The court held that if the defendant exceeded the authority conferred by cutting off more branches than was necessary, and thereby injured the value of the plaintiff's property, the defendant would be liable for

the resulting damages. The court also stated, 293 P. at page 607:

"* * *; but, even if no express authority had been obtained, the authorities hold that an electrical company which has strung wires pursuant to a legal franchise may trim overhanging branches which interfere with its wires if such removal is reasonably necessary to assure safety and the enjoyment of the privileges conferred by the franchise. Elliott on Roads & Streets (2d Ed.) § 806 and 20 C.J. p. 310, § 11."

While the problem presented to the court in Ford was whether the easement in that case constituted a cloud on the title which might affect the merchantability of vendor's title, which is a different problem from the one presented on this appeal, nevertheless, the language in Ford which we have quoted is a helpful guide in predicting the result which would probably be reached by the Supreme Court of Oregon if the instant case were before that court.

Since the trees in question were "cut, felled, removed and sold from, or destroyed upon the premises" by the United States, we need not determine the extent of the right of the United States to remove dead or dying trees, or to top or trim the trees reasonably necessary or desirable for the purposes stated in the easement in order to remove hazards and dangers to the use, repair, maintenance or operation of the transmission lines. We are concerned here only with the right of the United States, under the easement, to remove live Douglas fir and hemlock trees adjacent to the transmission lines, which were so located and of such a height that if they fell in the right direction they could fall upon or against the facilities of the United States, when such trees did not touch or overhang in a vertical plane any of such facilities. It is to be noted that after the execution and delivery of the right-of-way deed to the California-Oregon Power Company, that company, some thirty years ago, entered onto the lands described and constructed across the same the electric transmission line which is now described as the Bonneville Power Administration McKinley-Coos electric line and related facilities. In Ford the Supreme Court of Oregon stated, in reference to a similar easement, that the right of the holder thereof to remove trees was restricted to the removal of trees to make such clearings as might have been necessary for the erection of the line. While the court gave no reason for such statement, it occurs to us the reason for such holding, as applied to an easement whose width is not described therein, was to limit the extent of the rights acquired under the easement for the protection of the landowner whose property is subject to such easement, and prevent an extension of such right to the detriment of the landowner.

It is our view that if the question presented to us were presented to the Supreme Court of Oregon, that the Court would hold that the United States exceeded the rights acquired by it under the easement in removing the trees in question, and that that court would not construe the easement to sanction the removal of the trees as being reasonably necessary or desirable.

The interest or estate acquired by the United States in the condemnation proceedings to remove the trees in question was over and above the rights acquired by the United States under the easement. For this taking the appellants are entitled to just compensation. By the pretrial conference order the District Court approved the stipulation of the parties that the defendants are entitled to the sum of $3,277.71 as just compensation for this interest or estate acquired under the condemnation proceedings.

This cause is remanded to the District Court with instructions to increase the award and judgment in favor of the appellants by the sum of $3,277.71, together with interest from the date of taking at the rate provided by law.